UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. BITER, Warden,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00384-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 18)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

A. Instant Petition

The petition was filed on February 9, 2013 in the Central District of California. (Doc. 1). On March 13, 2013, the matter was transferred to this Court. (Doc. 7). On June 21, 2014, Respondent filed a motion to dismiss the petition for lack of exhaustion and failure to state a habeas claim. (Doc. 18). Respondent also contends that certain claims are barred by the one-year statute of limitations and that others are procedurally barred. (Id.). On July 22, 2014, Petitioner filed his opposition. (Doc. 21). On August 1, 2014, Respondent filed a reply to the opposition. (Doc. 22).

B. Prior State Petitions

Here, the record before the Court establishes the following procedural chronology of

Petitioner's claims that involve two separate state court habeas proceedings, i.e., one in the San Diego Superior Court and the other in the Sacramento Superior Court.

### 1. San Diego Superior Court (Round 1)

On August 8, 2011, Petitioner filed a state habeas corpus petition in the San Diego County Superior court challenging both prison conditions and the results of unspecified prison disciplinary hearings that occurred while Petitioner was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego County. (Doc. 18, Ex. 1). Petitioner's complaints stemmed from his allegation that he was forced to room with inmates who harassed him, as well as the disciplinary hearing (or hearings) that resulted from Petitioner's refusal to be housed with such inmates. This petition was denied by the Superior Court on October 25, 2011, for failure to exhaust administrative remedies, citing In re Dexter, 25 Cal.3d 921 (1979), and In re Muszalski, 52 Cal.App.3d 500 (1975), which stand for the proposition that the requirement of exhaustion of administrative remedies is a fundamental rule of procedure which applies to state habeas corpus petitions, e.g., Muszalski, 52 Cal.App.3d at 503–508. (Ex. 2). The Superior Court noted that, while Petitioner alleged that the claims had been administratively exhausted, he had not provided any evidence, other than his own unsupported allegations, to establish exhaustion. (Id.).

### 2. Sacramento Superior Court

Almost one year later, on October 30, 2012, Petitioner filed a state habeas petition in the Sacramento County Superior Court, raising four grounds for relief: (1) illegal confinement of Petitioner in administrative segregation (against RJD and California State Prison, Sacramento ("CSP-SAC");[1] (2) violation of Petitioner's due process rights at prison disciplinary hearings for failure to conduct a proper investigation into Petitioner's living conditions (against RJD and CSP-SAC); (3) wrongful forfeiture of custody credits and addition of classification points resulting from unspecified  disciplinary hearings; and (4) wrongful denial of access to administrative remedies by CDCR officials and staff. (Ex. 3, pp. 1-12). The third and fourth claims are not directed specifically at either RJD or CSP-SAC.

---

[1] Petitioner alleges that his cellmates harassed him and kept him awake as part of a conspiracy, which included CDCR officials and staff, to extract information from him regarding some unspecified investigation outside of prison, and that the conspiracy was led "by an external entity using some manner of sophisticated voice projection device." (Ex. 3, p. 4).

On December 14, 2012, the Sacramento Superior Court issued a ruling on the petition. (Ex. 4). As to claims regarding CSP-SAC, the court found the claims to be unexhausted, citing Dexter and Muszalski, and denied the same. As to the RJD claims, the court ordered those claims transferred to the San Diego Superior Court. (Id.).

On February 25, 2013, the San Diego Superior Court, characterizing the transferred claims to be a "second" petition, denied the claims, ruling the "second" petition was untimely, that the "conditions" claims at RJD were now moot since Petitioner had been transferred to CSP-SAC, and the disciplinary claims were denied for failure to establish administrative exhaustion and also on the merits. (Ex. 6). The court concluded that "some evidence" supported the prison's determination that Petitioner had refused to return to his assigned housing when ordered to do so. (Id.).

      3. California Court of Appeal Proceedings.

Petitioner filed two separate petitions in the California Courts of Appeal, challenging each of these Superior Court rulings. On February 26, 2013, Petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District ("3rd DCA"), which summarily denied the petition without comment on March 14, 2013. (Ex. 8).

Petitioner also filed a petition in the California Court of Appeal, Fourth Appellate District ("4th DCA"), on April 30, 2013. (Ex. 9). Unlike the 3rd DCA, the 4th DCA issued a written decision denying the petition on mootness grounds and for lack of exhaustion. (Ex. 10).

      4. California Supreme Court

On June 13, 2013, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court that was summarily denied on August 14, 2013. (Exs. 11, 12).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains unexhausted claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court, and also that some claims are untimely while others are procedurally barred. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B. Dismissal Of Claims

The petition raises two grounds for relief: (1) denial of due process at unspecified prison disciplinary proceedings; and (2) denial of due process in attempting to exhaust administrative remedies. (Doc. 1, pp. 9a-9c). To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Thus, in the case of the RJD claims, the Court will look to the 4th DCA's opinion, which denied the RJD claims as moot and unexhausted. With regard to the CSP-SAC claims, the Court will look through the summary denial of the 3rd DCA and look to the Superior Court's denial of Petitioner's state petition based on lack of exhaustion.[2]

    1. RJD Claims

The 4th DCA held that the RJD claims relating to the conditions of Petitioner's confinement were moot and that his claims regarding prison disciplinary proceedings were unexhausted. (Ex. 10).

---

[2] Because the claims in the instant petition do not specifically identify the disciplinary hearings being challenged, nor do they correlate the allegations of interference in the administrative exhaustion process with specific institutions, the Court will assume that Petitioner, as he did in his state court petitions, is challenging disciplinary hearings and administration exhaustion issues at both RJD and CSP-SAC.

The claims were moot because the claims were based on conditions of confinement and Petitioner was no longer confined at RJD. The disciplinary claims were unexhausted because Petitioner failed to fully pursue his administrative remedies. Additionally, Respondent contends that the claims are untimely.

a. Mootness.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In his state petition to the 4th DCA, Petitioner contended that the California Department of Corrections and Rehabilitation ("CDCR") had wrongfully placed him in administrative segregation, and had also repeatedly placed him in housing with cellmates who constituted a danger to Petitioner because they were "known enemies" of Petitioner. (Ex. 9, p. 2). In his prayer for relief on these claims, Petitioner asked for injunctive relief requiring him to be placed in non-segregated and safer housing. (Id., p. 4).

As the state appellate court noted, by the time that court addressed these claims, Petitioner had been moved to another prison facility. Hence, any "conditions" claims arising from Petitioner's incarceration at RJD no longer constituted a "case or controversy" and there was no further relief the 4th DCA could afford Petitioner. Once the "conditions" giving rise to Petitioner's claim ceased to exist, no court, state or federal, could provide any habeas relief for Petitioner. Because there is no further relief that this Court can provide to Petitioner, the RJD "conditions" claims are now moot. Hence, Respondent's motion to dismiss on that ground should be **GRANTED**.

b. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

5

exhaustion doctrine is based on comity to the state and gives it the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). The petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

The State of California requires the exhaustion of administrative remedies prior to the filing of a petition for writ of habeas corpus in the state court. See In re Muszalski, 52 Cal.App.3d 500 (1975). A Petitioner may challenge his detention on constitutional grounds in the state court by filing a petition for writ of habeas corpus. Cal. Penal Code §§ 1473 et. seq. Here, the appeals procedure of the Department of Corrections provides administrative remedies which must be exhausted before habeas corpus relief is sought from the state superior court. In re Muszalski, supra, 52 Cal.App.3d at p. 508.

The 4th DCA ruled that Petitioner had not exhausted his available administrative remedies and rejected Petitioner's claim that the prison was "purposefully denying access to his administrative remedies" as "conclusory and speculative," citing People v. Duvall, 9 Cal.4th 464, 474-475 (1995). (Ex. 10, p. 1). Under California law, a citation to People v. Duvall indicates that a petitioner has failed

to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

Like Duvall, a citation to In re Swain, 34 Cal.2d 300 (1949), stands for the proposition that a petitioner has failed to state his claim with sufficient particularity. In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition. Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320. "The mere recitation of In re Swain does not preclude such review." Id. Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

Reviewing Petitioner's habeas corpus petition before the 4th DCA, the Court agrees with the state appellate court that Petitioner failed to provide sufficient detail for the state court to adequately review the claim. In his petition to the 4th DCA, Petitioner's disciplinary claims argue the following:

> CDCR officials['] wrongful application of disciplinary penalties where Petitioner's alleged violations of departmental regulations were due to unaddressed and uninvestigated (by CDCR officials) notices and complaints of urgent issues that were and are detrimental to Petitioner's safety, health, and general welfare as they relate to Petitioner's being forced into dangerous housing assignments and CDCR's officials wrongful forfeiture of Petitioner's credits toward reduction of the length of the term of commitment to CDCR due to disciplinary actions at Dep't disciplinary hearings and the wrongful additions of custody level points (classification points) toward [sic] made restrictive housing placements, less activities and privileges, and less rehabilitation programs.
>
> …
>
> CDCR's appeal [illegible] have violated Petitioner's due process rights under the laws of the State of California and under the 14th Amendment to the U.S. Constitution and under state regulatory code of the Dept. of Corrections, Cal. Code of Regs., Title 15, Div. 3, when they

> willfully and deliberately denied the Petitioner access to the remedies and reliefs available through their admin. Appeals process, remedies and reliefs established by state regulatory law.

(Ex. 9, pp. 3-4).

Nowhere in the state petition does Petitioner provide any details regarding which disciplinary proceedings he is challenging. He does not identify them by date or by rule violation number and he does not provide any copies of Rules Violation Reports, hearing results, transcripts, etc., that would permit the state appellate court to begin to address his claims. Accordingly, the 4th DCA's implicit conclusion that Petitioner should re-submit his claim with additional necessary details seems entirely appropriate.

Although "fair presentation" requires only that the claims be pleaded with as much particularity as is practicable, it is clear that Petitioner's failure to provide <u>any</u> identifying details of the disciplinary hearings he was challenging essentially makes meaningful habeas review impossible. Hence, the Court concludes that Petitioner did not fairly present his disciplinary claims to the state court. <u>Kim</u>, 799 F.2d at 1320. Under those circumstances, the state court's dismissal of the RJD disciplinary claims for failure to exhaust administrative remedies was reasonable.

      c. <u>Timeliness</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 9, 2013, [3] and thus, it is subject to the provisions of the AEDPA.

---

[3] In <u>Houston v. Lack</u>, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." <u>Miller v. Sumner</u>, 921 F.2d 202, 203 (9th Cir. 1990); see <u>Houston</u>, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. <u>Saffold v. Neland</u>, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date the petitioner's direct review became final. Where, however, as here, the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004)(holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied). However, since Petitioner did not provide any information regarding either his administrative appeals (if any), or the dates of the disciplinary

---

date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. The signature page of the petition indicates that Petitioner signed the instant petition on February 9, **2013,** although the petition was filed and docketed in this Court on March 3, **2014**, fourteen months later. (Doc. 1, p. 16). Since the petition contains information and allegations date subsequent to the February 9, 2013 date, the Court assumes that Petitioner intended to date the petition as of February 9, **2014**.

hearings and their results, the Court cannot properly calculate the date on which his one-year limitation period would have commenced.

However, applying well-established rules regarding tolling of the AEDPA's one-year period, the Court can determine that the one-year period expired before the filing of the instant petition. Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001) (as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises

unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, as discussed previously, Petitioner originally filed his RJD claims in the San Diego Superior Court via habeas corpus petition, which was denied on October 25, 2011.  Petitioner did not take further action regarding these claims until he filed, under the mailbox rule, his state habeas petition in the Sacramento Superior Court on October 11, 2012, i.e., 352 days later.  (Ex. 3, p. 88).

Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003) (no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002) (no tolling during gap between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level") (emphasis supplied).

Moreover, statutory tolling is inapplicable to periods between successive petitions that do not form part of a progressive series from the Superior Court, to the Court of Appeal, to the California Supreme Court.  See Dils v. Small, 260 F.3d 984 (9th Circ. 2001) (statute of limitation not tolled during interval between successive state habeas petitions filed to the state's highest court); Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level"); Saffold v. Newland, 250 F.3d 1262 (9th Circ. 2000).

Here, Petitioner did not proceed "up the ladder" to the 4th DCA with his RJD claims, but instead filed his second petition in another state superior court.  By so doing, he commenced a new "round" of state habeas proceedings and is not entitled to statutory "interval" tolling for the period between the conclusion of the first round and the commencement of the second.  Hence, even if Petitioner had the full 365-day limitation period when he filed his first petition in the San Diego Superior Court, 352 days expired between the end of his first "round" of habeas petitions, i.e., denial of the first petition, and the commencement of his second "round," i.e., filing the second petition, leaving him with only 13 days remaining on his one-year period when he filed his second petition in the Sacramento Superior Court.

Assuming, without deciding, that Petitioner's other state habeas proceedings entitled him to full statutory tolling, the one-year period commenced when his last state petition was denied by the California Supreme Court on August 14, 2013. At that point, Petitioner had just 13 days remaining on his one-year period. This period expired 13 days later, i.e., on August 27, 2013. As mentioned, Petitioner did not file the instant petition until October 11, 2013, at best, this was 45 days after his one-year period expired. Accordingly, the instant petition is untimely and the RJD claims must be dismissed unless Petitioner is entitled to equitable tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

### d. Failure to State a Habeas Claim.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.

Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, to the extent that Petitioner's RJD claims are premised upon the conditions of his confinement, e.g., administrative segregation, dangerous cellmates, etc., they do not implicate either the fact or duration of Petitioner's confinement and hence fail to invoke the Court's habeas jurisdiction. Accordingly, those "conditions" claims must be dismissed. If Petitioner wishes to pursue such claims, he may do so pursuant to § 1983.

### 2. CSP-SAC Claims

#### a. Exhaustion and Procedural Default

The Sacramento Superior Court dismissed Petitioner's habeas petition regarding the disciplinary claims against CSP-SAC for his failure to exhaust administrative remedies. In so ruling, the superior court cited not only Muszalski, but also In re Dexter, 25 Cal.3d 921, 925 (1979). Additionally, the court found that Petitioner did not attach reasonably available documentary evidence showing that his administrative remedies had been exhausted, citing In re Harris, 5 Cal.4th 813, 827, fn. 5 (1993). (Ex. 4, p. 1). The court noted that "Petitioner has failed to exhaust his administrative remedies with respect to his claim that he is being wrongfully retained in Ad. Seg. At CSP-SAC and has not stated any facts which might cause the court to excuse his failure to do so." (Id.).

State courts may decline to review a claim based on a procedural default. Wainwright v. Sykes, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson,

501 U.S. 722, 729, 111 S.Ct. 2546 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); see Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Park v. California, 202 F.3d 1146, 1150 (2000) ("A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements . . . ."); see also Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). This concept has been commonly referred to as the procedural default doctrine. This doctrine of procedural default is based on concerns of comity and federalism. Coleman, 501 U.S. at 730-32. If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

A federal court can only enforce a state procedural bar if the state court "declined to reach the issue for procedural reasons." Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir.2002). The California Supreme Court stated the requirement of exhaustion of administrative remedies is a fundamental rule of procedure which applies to habeas corpus petitions. In re Muszalski, 52 Cal.App.3d 500, 503–508, 125 Cal.Rptr. 286 (1975); Abelleira v. District of Appeal, 17 Cal.2d 280, 293, 109 P.2d 942 (1941).

California's administrative exhaustion requirement falls entirely under state law, as the California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal law, but rather a long-established state rule. Dexter, 25 Cal.3d at 925, 160 Cal.Rptr. 118, 603 P.2d 35 (describing administrative exhaustion requirement as a "general rule" and citing several California cases); Muszalsi, 52 Cal.App.3d at 503, 125 Cal.Rptr. 286 (describing requirement as "well settled as a general proposition"). This Court has regularly relied on the independence of Dexter as a state procedural bar. See, e.g., Yow Ming Yeh v. Hamilton, 2013 WL 3773869, *3 (E.D.Cal. July 17, 2013)(administrative exhaustion is independent state law procedural ground); Dean v. Hubbard, 2013 WL 19077450, *3 (E.D. Cal. May 7, 2013)(same); Davis v. Swarthout, 2012 WL 244211, *2 (E.D.Cal. Jan 25, 2012)(same); Johnson v. Harrington, 2011 WL 1807219, *2 (E.D.Cal. May 11, 2011)(same); Gaston v. Harrington, 2009 WL 3627931, *2 (E.D. Cal. Oct. 29, 2009)(same); Rodriguez v. Yates, 2009 WL 3126317, *3 (E.D. Cal. Sept. 24, 2009)(same). Thus, here, the state court denied the petition

on an independent state law ground.

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir.1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail " 'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Id. at 377 (quoting Morales, 85 F.3d at 1392).

California's rule that an inmate must exhaust his administrative remedies is well-established and has been applied since 1941. Abelleira, 17 Cal.2d at 292–293, 109 P.2d 942. In addition, California courts have consistently applied this rule since Abelleira. E.g ., Dexter, 25 Cal.3d at 925, 160 Cal.Rptr. 118, 603 P.2d 35; Muszalski, 52 Cal.App.3d at 503, 125 Cal.Rptr. 286; In re Serna, 76 Cal.App.3d 1010, 1014, 143 Cal.Rptr. 350 (1978); Humes v. Margil Ventures, Inc., 174 Cal.App.3d 486, 494, 220 Cal.Rptr. 186 (1985); Wright v. State, 122 Cal.App.4th 659, 19 Cal.Rptr.3d 92 (2004). Therefore, this procedural ground is adequately applied and, where, as here, was properly imposed by the state court, it bars federal review.

b.  Failure To State A Claim.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).  Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Notice pleading is insufficient; Petitioner must state sufficient facts.  See id. (citing Blackledge ,431 U.S. at 75, n.).

15

Moreover, to the extent that Petitioner intends to raise violations of the state constitution or of state prison regulations, these are state law violations only. Issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

The instant petition alleges that, after repeatedly putting Petitioner in living conditions where inmates harassed him and physically assaulted and tortured him, and after prison officials refused to address Petitioner's concerns, he was "forced to abandon his assigned cell quarters" and repeatedly "sought redress of his safety related concerns from correctional counselors, institutional committee officials and custodial personnel [sic]." (Doc. 1, p. 11). Petitioner then alleges that "correctional counselors, custodial staff, disciplinary hearing officers, and institutional classification committee members, when given due notice of Petitioner's health and safety concerns and related issues steadfastly elected to refuse to make even a rudimentary investigation of the matter or to assign an investigatory employee." (Id., p. 12). Petitioner also contends that he was denied the ability to gather evidence and call witnesses in his defense. (Id., p. 11).

However, Petitioner does not provide any information regarding the disciplinary hearing or hearings to which he refers, either by date or violation number. Neither does he provide any documentary evidence regarding the specific disciplinary charges, the conduct of the hearing or hearings themselves, or the ultimate disciplinary action taken by Respondent. Although the petition refers to various exhibits, none are attached to the petition. Accordingly, the Court agrees with Respondent that the Court cannot address Petitioner's disciplinary claims in the absence of any information indicating what hearings Petitioner is challenging.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 18), be GRANTED and the habeas corpus petition be DISMISSED for lack of exhaustion, mootness, failure to state a habeas claim, and untimeliness.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within 10 days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **January 15, 2015**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE